UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MANDY VAN GORP, AMBER NIKOLAI, )
MEGAN BARTH, & DENISE )
ARREDONDO )
                              )
        Plaintiff, )
                              )   Cause No.:
v. )
                              )
ELI LILLY & COMPANY, )
                              )
        Defendant. )
                              )

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.      This is an employment discrimination action brought by Plaintiffs, Mandy Van

Gorp ("Van Gorp"); Amber Nikolai ("Nikolai"); Megan Barth ("Barth"); and Denise Arredondo

("Arredondo") (collectively "Plaintiffs"), by counsel, against Defendant, Eli Lilly & Company

("Lilly") for its discriminatory actions taken against them based on their religion in violation of

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the

Americans with Disabilities Act of 1990("ADA"), as amended 42 U.S.C. § 12101 *et seq.*

**II. PARTIES**

2.      At all relevant times to this action, Van Gorp resided in Missouri.

3.      At all relevant times to this action, Nikolai resided in Wisconsin.

4.      At all relevant times to this action, Barth resided in Pennsylvania.

5.      At all relevant times to this action, Arredondo resided in California.

6.      Defendant is a domestic for-profit corporation which maintains offices and

conducts business in the geographical boundaries of the Southern District of Indiana.  It can be

served through its registered agent, National Registered Agents, Inc., at 334 North Senate

Avenue, Indianapolis, IN 46204.

### III. JURISDICTION AND VENUE

7.     This Court has jurisdiction over the subject matter of this complaint pursuant to

28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. § 2000e-5(f)(3); and 42 U.S.C. § 12117(a).

8.     Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 42

U.S.C. § 12111(5).

9.     Plaintiffs are an "employee" within the meaning of 42 U.S.C. § 2000e(f)

10.     Van Gorp and Barth are an "employee" within the meaning of and 42 U.S.C. §

12111(4).

11.     Van Gorp and Barth are individuals with a "disability" as that term is defined

under 42 U.S.C.A § 12102.

12.     Plaintiffs exhausted their administrative remedies by timely filing a Charge of

Discrimination against Defendant with the Equal Employment Opportunity Commission.

Plaintiffs received their Notice of Suit Rights for the Charge of Discrimination and timely file

this action.

13.     All events pertinent to this lawsuit have occurred in the legal environs of the

Southern District of Indiana, thus venue in this Court is proper.

### IV. FACTUAL ALLEGATIONS

14.     On or about August 12, 2021, Defendant enacted a COVID-19 Vaccine Mandate

("Mandate"). The Mandate required that every employee be vaccinated by November 15, 2021.

Defendant created a process under the Mandate for religious and medical exemptions.

**A.  Van Gorp**

15.     Van Gorp was hired by Defendant in or about October 2003.  Her last held position was as a Senior Sales Representative for the Diabetes Division.  During her employment, Van Gorp met or exceeded Defendant's legitimate performance expectations.

16.     Van Gorp submitted a timely request for a medical exemption. Her request was denied on or about October 8, 2021. Defendant stated that because Van Gorp's responsibilities required her to engage directly with customers, the accommodation request was an undue hardship for the company and its customers.

17.     Van Gorp submitted a timely request for a religious exemption. Her request was denied on or about November 4, 2021.

18.     Due to Van Gorp's sales role, she does not interact with one of Defendant's facilities or locations on a routine basis.  Throughout 2020 to 2021, Van Gorp routinely worked without issue or concern from Defendant and his customers regarding COVID-19.

19.     Additionally, during this period, Van Gorp complied with Defendants' and all of her customer's COVID-19 policies, which included but were not limited to proof of antibodies, mask protocols and daily or weekly testing for COVID-19.

20.     On or about October 8, 2021, Defendant announced that it would terminate and offer a severance to anyone that did not receive one of the vaccines and/or accept an alternative position that would accommodate an individual who did not receive one of the vaccines.

21.     Van Gorp attempted to find an alternate position between September and November 2021; however, there were very few positions available.

22.     Ultimately, Defendant never offered Van Gorp any alternative position.

23.     On or about November 15, 2021, Defendant terminated Van Gorp's employment because she refused to get one of the vaccines pursuant to the instructions of her health care provider and due to her sincerely held religious beliefs.

24.     Van Gorp has been harmed as a result of Defendant's actions.

**B.  Nikolai**

25.     Nikolai was hired by Defendant in or about March 2020.  Her last held position was as a Senior Sales Representative for the Neuroscience Division.  During her employment, Nikolai met or exceeded Defendant's legitimate performance expectations.

26.     Nikolai timely submitted a religious exemption request, which was temporarily granted on September 29, 2021.  However, Defendant stated that because Nikolai's responsibilities required her to engage directly with customers, the accommodation request was an undue hardship for the company and its customers and would expire after November 15, 2021.

27.     Due to Nikolai's sales role, she does not interact with one of Defendant's facilities or locations on a routine basis.  Throughout 2020 to 2021, Nikolai routinely worked without issue or concern from Defendant and his customers regarding COVID-19.

28.     Additionally, during this period, Nikolai complied with Defendants' and all of her customer's COVID-19 policies, which included but were not limited to proof of antibodies, mask protocols and daily or weekly testing for COVID-19.

29.     Due to Nikolai's temporary accommodation, Defendant indicated that she had until November 15, 2021, to secure an alternate position within the company that was not "customer facing" or her employment would be terminated.

30.     Nikolai attempted to find an alternate position between September and November 2021; however, there were very few positions available.

31.     Ultimately, Defendant never offered Nikolai any alternative position.

32.     On or about November 15, 2021, Defendant terminated Nikolai's employment because she refused to get one of the vaccines in violation of her sincerely held religious beliefs.

33.     Nikolai has been harmed as a result of Defendant's actions.

**C. Barth**

34.     Barth was hired by Defendant in or about March 2020.  Her last held position was as a Sales Representative for the Diabetes Division.  During her employment, Barth met or exceeded Defendant's legitimate performance expectations.

35.     Barth submitted a timely request for a medical exemption. Her request was denied on or about September 29, 2021.

36.     Barth submitted a timely request for a religious exemption. Her request was denied on or about October 29, 2021.

37.     Due to Barth's sales role, she does not interact with one of Defendant's facilities or locations on a routine basis.  Throughout 2020 to 2021, Barth routinely worked without issue or concern from Defendant and his customers regarding COVID-19.

38.     Additionally, during this period, Barth complied with Defendant's and all of her customer's COVID-19 policies, which included but were not limited to proof of antibodies, mask protocols and daily or weekly testing for COVID-19.

39.     On or about October 8, 2021, Defendant announced that it would terminate and offer a severance to anyone that did not receive one of the vaccines and/or accept an alternative position that would accommodate an individual who did not receive one of the vaccines.

40.     Barth attempted to find an alternate position between September and November 2021; however, there were very few positions available.

41.     Ultimately, Defendant never offered Barth any alternative position.

42.     On or about November 15, 2021, Defendant terminated Barth's employment because she refused to get one of the vaccines pursuant to the instructions of her health care provider and due to her sincerely held religious beliefs.

43.    Barth has been harmed as a result of Defendant's actions.

**D. Arredondo**

44.    Arredondo was hired by Defendant in or about April 2019.  Arredondo's last held position was as a Senior Sales Manager in the Neuroscience Division.  During her employment, Arredondo met or exceeded Defendant's legitimate performance expectations.

45.    Arredondo timely submitted a religious exemption request, which was temporarily granted on September 29, 2021.  However, Defendant stated that because Arredondo's responsibilities required her to engage directly with customers, the accommodation request was an undue hardship for the company and its customers and would expire after November 15, 2021.

46.    Due to Arredondo's sales role, she does not interact with one of Defendant's facilities or locations on a routine basis.  Throughout 2020 to 2021, Arredondo routinely worked without issue or concern from Defendant and her customers regarding COVID-19.

47.    Additionally, during this period, Arredondo complied with Defendants' and all of her customer's COVID-19 policies, which included but were not limited to proof of antibodies, mask protocols and daily or weekly testing for COVID-19.

48.    Due to Arredondo's temporary accommodation, Defendant indicated that she had until November 15, 2021, to secure an alternate position within the company that was not "customer facing" or her employment would be terminated.

49.    Arredondo attempted to find an alternate position between September and November 2021; however, there were very few positions available.

50.    Ultimately, Defendant never offered Arredondo any alternative position.

51.     On or about October 8, 2021, Defendant announced that it would terminate and offer a severance to anyone that did not receive one of the vaccines and/or accept an alternative position that would accommodate an individual who did not receive one of the vaccines.

52.     On or about November 15, 2021, Defendant terminated Arredondo's employment because she refused to get one of the vaccines in violation of her sincerely held religious beliefs.

53.     Arredondo has been harmed as a result of Defendant's actions.

## V. CAUSES OF ACTION

## COUNT I – TITLE VII – RELIGIOUS DISCRIMINATION (VAN GORP)

54.     Plaintiffs hereby incorporates paragraphs one (1) through fifty-three (53) of their Complaint as if it were set forth at length herein.

55.     Van Gorp was discriminated against based on her sincerely held religious belief when she was subject to less favorable terms and conditions in her employment and when her religious accommodation request was denied.

56.     Defendant discriminated against Van Gorp on the basis of her sincerely held religious beliefs by subjecting her to disparate treatment.

57.     Defendant discriminated against Van Gorp on the basis of her sincerely held religious beliefs by failing to engage in the interactive process in good faith and denying her reasonable accommodations.

58.     Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

59.     Defendant's conduct was deliberate, willful, and in reckless disregard for Van Gorp's civil rights.

60.     Van Gorp has suffered damages as a result of Defendant's unlawful conduct.

## COUNT II – ADA – DISCRIMINATION (VAN GORP)

61.     Plaintiffs hereby incorporates paragraphs one (1) through sixty (60) of their Complaint as if it were set forth at length herein.

62.     The Defendant perceived every employee as having a weakened immune system that required vaccination.

63.     Said Mandate discriminated against non-vaccinated individuals by viewing and/or perceiving said non-vaccinated employees as having a disability that substantially limits a major life activity, including the function of the non-vaccinated employee's immune system.

64.     Van Gorp was discriminated against based on her actual or perceived disability when she was subject to less favorable terms and conditions in her employment and when her accommodation request for the COVID-19 vaccine Mandate was denied.

65.     Defendant discriminated against Van Gorp on the basis of her disability by subjecting her to disparate treatment.

66.     Defendant discriminated against Van Gorp on the basis of her disability by failing to engage in the interactive process in good faith and denying her reasonable accommodations.

67.     Defendant's actions violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

68.     Defendant's conduct was intentional, willful, and in reckless disregard of Van Gorp's civil rights.

69.     Van Gorp has suffered damages as a result of Defendant's unlawful conduct.

## COUNT III – TITLE VII – RELIGIOUS DISCRIMINATION (NIKOLAI)

70.     Plaintiffs hereby incorporates paragraphs one (1) through seventy (70) of their Complaint as if it were set forth at length herein.

71.     Nikolai was discriminated against based on her sincerely held religious belief when she was subject to less favorable terms and conditions in her employment and when her religious accommodation request was denied.

72.     Defendant discriminated against Nikolai on the basis of her sincerely held religious beliefs by subjecting her to disparate treatment.

73.     Defendant discriminated against Nikolai on the basis of her sincerely held religious beliefs by failing to engage in the interactive process in good faith and denying her reasonable accommodations.

74.     Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

75.     Defendant's conduct was deliberate, willful, and in reckless disregard for Nikolai's civil rights.

76.     Nikolai has suffered damages as a result of Defendant's unlawful conduct.

### COUNT IV – TITLE VII – RELIGIOUS DISCRIMINATION (BARTH)

77.     Plaintiffs hereby incorporates paragraphs one (1) through seventy-six (76) of their Complaint as if it were set forth at length herein.

78.     Barth was discriminated against based on her sincerely held religious belief when she was subject to less favorable terms and conditions in her employment and when her religious accommodation request was denied.

79.     Defendant discriminated against Barth on the basis of her sincerely held religious beliefs by subjecting her to disparate treatment.

80.     Defendant discriminated against Barth on the basis of her sincerely held religious beliefs by failing to engage in the interactive process in good faith and denying her reasonable accommodations.

81.     Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

82.     Defendant's conduct was deliberate, willful, and in reckless disregard for Barth's civil rights.

83.     Barth has suffered damages as a result of Defendant's unlawful conduct.

### COUNT V – ADA – DISCRIMINATION (BARTH)

84.     Plaintiffs hereby incorporates paragraphs one (1) through eighty-three (83) of their Complaint as if it were set forth at length herein.

85.     The Defendant perceived every employee as having a weakened immune system that required vaccination.

86.     Said Mandate discriminated against non-vaccinated individuals by viewing and/or perceiving said non-vaccinated employees as having a disability that substantially limits a major life activity, including the function of the non-vaccinated employee's immune system.

87.     Barth was discriminated against based on her actual or perceived disability when she was subject to less favorable terms and conditions in her employment and when her accommodation request for the COVID-19 vaccine Mandate was denied.

88.     Defendant discriminated against Barth on the basis of her disability by subjecting her to disparate treatment.

89.     Defendant discriminated against Barth on the basis of her disability by failing to engage in the interactive process in good faith and denying her reasonable accommodations.

90.     Defendant's actions violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

91.     Defendant's conduct was intentional, willful, and in reckless disregard of Barth's civil rights.

92.     Barth has suffered damages as a result of Defendant's unlawful conduct.

## COUNT VI – TITLE VII – RELIGIOUS DISCRIMINATION (ARREDONDO)

93.     Plaintiffs hereby incorporates paragraphs one (1) through ninety-two (92) of their Complaint as if it were set forth at length herein.

94.     Arredondo was discriminated against based on her sincerely held religious belief when she was subject to less favorable terms and conditions in her employment and when her religious accommodation request was denied.

95.     Defendant discriminated against Arredondo on the basis of her sincerely held religious beliefs by subjecting her to disparate treatment.

96.     Defendant discriminated against Arredondo on the basis of her sincerely held religious beliefs by failing to engage in the interactive process in good faith and denying her reasonable accommodations.

97.     Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

98.     Defendant's conduct was deliberate, willful, and in reckless disregard for Arredondo's civil rights.

99.     Arredondo has suffered damages as a result of Defendant's unlawful conduct.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiffs, Mandy Van Gorp, Amber Nikolai, Megan Barth, and Denise Arredondo, respectfully requests that this Court enter judgment in their favor and award them the following relief:

1.      Reinstatement each Plaintiff to their original position and salary they would have enjoyed but for Defendant's unlawful actions, or front pay in lieu thereof;

2.      Award Plaintiffs back pay they would have earned, including benefits and other perquisites of employment, but for Defendant's unlawful actions;

3.      Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4.      Compensatory damages for Defendant's violations of Title VII and the ADA;

5.      Punitive damages for violations of Title VII and the ADA;

6.      All costs and attorney's fees incurred as a result of bringing this action;

7.      Pre- and post-judgment interest on all sums recoverable; and

8.      All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

*/s/Taylor Ferguson*
Andrew Dutkanych, III
Taylor Ferguson
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
tferguson@bdlegal.com
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiffs, Mandy Van Gorp, Amber Nikolai, Megan Barth, and Denise Arredondo, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

*/s/Taylor Ferguson*
Andrew Dutkanych, III
Taylor Ferguson
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
tferguson@bdlegal.com
*Counsel for Plaintiff*